PATRICK W. McLAUGHLIN
Attorney at Law
California State Bar No. 89657
205 South Broadway, Suite 902
Los Angeles, California 90012a
Telephone:   (213) 437-0122
Facsimile:   (213) 622-0445
Email:       pwmclaughlin50@gmail.com

Attorney for Defendant
QUANG TRUONG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  vs.<br><br>QUANG TRUONG,<br><br>        Defendant. | CASE NO. CR-16-823-AB<br><br>**DEFENDANT QUANG TRUONG'S SENTENCING MEMORANDUM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Sentencing Date: March 29, 2024<br>Time: 1:30 p.m. |
|---|---|

1  Defendant Quang Truong, through his counsel, herby files the present
2  Sentencing Memorandum for this Court's consideration.   The defense urges the
3  Court to impose a "time-served" sentence in this case.

Respectfully submitted,

DATED: March 27, 2024          By  /s/ Patrick W. McLaughlin
                                Patrick W. McLaughlin
                                Attorney for Defendant
                                Quang Truong

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Mr. Truong is a 54-year-old defendant, with no prior convictions, who is making every effort to correct his mistakes and put his life back on track, so he can continue to look for employment and become a productive member of society.

The Probation Office calculates a sentencing guideline range of 6-12 months, PSR ¶ 128, a sentencing range that is largely driven by the number and value of Asian songbirds he unlawfully imported into the United States from Vietnam. Mr. Truong was going to be paid $2,000 for smuggling the songbirds.

The Probation Office recommends a sentence of six months, a recommendation at the low-end of the sentencing guidelines range. The government recommends a "split sentence" of five months in prison and five months on home detention. However, the defense respectfully submits that a period of incarceration is simply not required for this defendant.

Although Mr. Truong became involved in an international smuggling scheme, his role in the offense was minor, the benefit he was supposed to receive was limited and not representative of the $15,000 that Mr. Truong may be required to pay in restitution. The defense submits that there is no reason to impose a custodial sentence in this case, and that Mr. Truong, and the community at large, will be better served by imposing a "time-served" sentence that allows this 54-year-old defendant to continue getting his life back on track.

## II. DEFENDANT'S POSITION

### A.   GUIDELINES CALCULATIONS

The Sentencing Guidelines are now advisory in nature, and the calculated sentencing guideline range is based on a defendant's prior criminal history, as well as on the mechanical application of the Guidelines with respect to the underlying offense. The defense respectfully contends that the Court should consider the

Sentencing Guidelines range, but impose a "time-served" sentence, particularly given the limited role this defendant played in the present case, as well as his lack of any prior convictions.

The defense further contends that in a case like this it is important to carefully analyze Mr. Truong's personal characteristics. The sentencing statutes themselves mandate that a court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. §3553(a). The Supreme Court has reaffirmed that the individual nature of sentencing mandates that sentencing judges have "wide discretion in the sources and types of evidence used to assist [] in determining the kind and extent of punishment to be imposed." *Pepper v. United States*, --- U.S. ---, 131 S.Ct. 1229, 1240 (2011) (internal quotation marks and citation omitted). "In particular, we have emphasized that [h]ighly relevant-if not essential-to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Id.*

The statute's charge that a defendant's sentence be "no greater than necessary" is the "overarching provision" in § 3553(a). *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). This "parsimony principle" is not mere prefatory language, but is a key – in fact, the key – requirement that a sentence must satisfy. While sentencing courts must consider the recommended guideline sentence, they are free to disagree with them in any particular case or even "disregard the Guidelines." *Rita v. United States*, 551 U.S. 338 (2007). Finally, in attempting to ensure that the sentence imposed fits the individual defendant, "a court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *United States v. Bryson*, 229 F.3d 425, 426 (2d. Cir. 2000).

Further, although a Guideline analysis almost always leads to recommendations for a custodial sentence for a given number of months, Congress has explicitly recognized that imprisonment is "not an appropriate means of

4

promoting correction and rehabilitation", 18 U.S.C. §3582(a), and the statutory framework for sentencing provides that "no limitation shall be placed on the information concerning the background, character, and conduct of the person which a court may consider for the purpose of imposing and appropriate sentence." 18 U.S.C. §3661. The Court must now consider all of the statutory factors, not just the Sentencing Guidelines in arriving at the appropriate sentence. Such an analysis is particularly important in a case like the present one, given Mr. Truong's personal characteristics, his difficult childhood, and the progress he is attempting to make to get his life back on track.

## III.
## SENTENCING FACTORS

The Probation Office found no factors that would warrant a departure or a variance from the advisory guideline range. PSR ¶¶ 130, 131. The defense disagrees with this determination, and urges the Court to give Mr. Truong individualized treatment, and to impose a "time-served", because such a sentence would better satisfy the sentencing goals in this case, as detailed below.

**1. History of Characteristics of Defendant**

Mr. Truong is 54 years old, and grew up in very difficult circumstances in Vietnam. As a young child, defendant lived in a subsistence fishing village in Vietnam. PSR ¶¶ 58, 60. While living in Vietnam, the Viet Cong controlled the area where defendant's family lived, and consequently the area was frequently bombed. PSR ¶ 59.

When Mr. Truong was just five years old, his family and extended family used their fishing boats to leave Vietnam due to the war. PSR ¶ 60. After a one-day stop in Hong Kong, Mr. Truong's family traveled to Indonesia, where defendant and his family lived in a warehouse with other refugees for six months. PSR ¶61. It also

appears that throughout defendant's life, defendant's mother suffered from mental illness. PSR ¶¶ 63, 68.

As even the government acknowledges, the facts set forth in the PSR regarding Mr. Truong's personal and family data, his employment and educational background, and his financial condition, paint a picture that shows he has not had an easy life since coming to the United States.  Furthermore, Mr. Turong has been on pretrial release since December of 2016, and during that lengthy period of time, has had no arrests or convictions.

## IV.
## CONCLUSION

For all of the forgoing reasons, the defense respectfully requests that the Court impose a "time-served" sentence for Mr. Truong.  Conditions of supervision may include electronic monitoring, community service, or any other condition the Court deems appropriate.

This 54-year-old defendant has no prior convictions, has never been to prison, and no history of violence or weapons offenses.  There is virtually no sentencing goal to be advanced by simply by sending Mr. Truong to prison. Furthermore, he can greatly benefit from the controlled environment of federal supervision.

Respectfully submitted,

DATED: March 27, 2024            By  /s/ *Patrick W. McLaughlin*
                                 Patrick W. McLaughlin
                                 Attorney for Defendant
                                 Quang Truong

6